UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT GODINEZ,<br><br>  Defendant. | No. 2:23-cr-00161-DAD-1<br><br>ORDER DENYING DEFENDANT'S AMENDED REQUESTS TO SEAL DOCUMENTS AND MOTION TO FILE FURTHER MOTIONS<br><br>(Doc. Nos. 73, 90, 91, 92) |

Defendant has again requested that he be authorized to file his motions to dismiss for speedy trial violation and to suppress evidence, as well as his notice of a defense under seal. (Doc. Nos. 90, 91, 92.) These requests appear to be nearly identical to the ones the court rejected as insufficient in its April 2, 2025 order. Because the amended requests are still not adequately supported or limited, they will once again be denied without prejudice.

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Here, defendant has failed to overcome this presumption in his requests. First, although the amended requests state that "the aforementioned documents were electronically transmitted to

1

1  the Court on April 16, 2025." (Doc. Nos 90, 91 and 92 at 2.)  However, it appears the court never
2  received such documents from defense counsel on that date.  Rather, all that the court has in its
3  possession are the motions and notice of defense submitted with defendant's original, rejected,
4  request to seal the motions in their entirety.  As noted in the April 2, 2025 order, a cursory review
5  of the two motions and notice that defendant wishes to file under seal reveals that defendant's
6  stated concern can be adequately addressed by redaction or by the filing under seal of a
7  supplement to the motions and notice rather than by wholesale sealing of the entire documents.
8  In this regard, the court notes that defendant's substantive filing are in large part devoted to
9  briefing with respect to the legal standards governing the motions and/or notice.  In addition,
10 other straightforward factual background is recounted in those filings.  There is no need to file
11 such briefing under seal in order to guard against the concerns raised by defendant.  The court
12 therefore declines to litigate these issues entirely under seal and in secret.  As defense counsel has
13 been previously instructed, defendant may proceed by seeking redaction of the documents as they
14 will appear on the public docket or by filing his motions and/or notice on the public docket and
15 then seeking to supplement them with a filing that he requests be filed under seal.  Despite this
16 explicit directive in the court's April 2, 2025 order, defendant still has not done so.

17      For the reasons explained above, defendant's requests that his motions to dismiss for
18 speedy trial violation and to suppress evidence, as well as his notice of a defense, be filed under
19 seal (Doc. Nos. 90, 91, 92) are once again denied without prejudice.

20      IT IS SO ORDERED.

21 Dated:  **May 1, 2025**

22                             DALE A. DROZD
                            UNITED STATES DISTRICT JUDGE